IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:24CR130-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>)<br>(1) PATRICK LAWRENCE HENRY, )<br>and )<br>(2) ROBERT DARNELL ROSE )<br>) | **BILL OF INDICTMENT**<br><br>Violations: 18 U.S.C. § 1028A(a)(1)<br>18 U.S.C. § 1343<br>18 U.S.C. § 1349<br>18 U.S.C. § 2(a) |

**THE GRAND JURY CHARGES:**

At all times material to this Bill of Indictment, in Mecklenburg County, within the Western District of North Carolina, and elsewhere:

## INTRODUCTION

### RELEVANT PARTIES AND ENTITIES

1. Patrick Lawrence Henry ("HENRY"), was a resident of Mecklenburg County, North Carolina.

2. Robert Darnell Rose ("ROSE") was a resident of Mecklenburg County, North Carolina, and York County, South Carolina.

3. HENRY and ROSE owned and controlled REIN SPE, LLC and REAL ESTATE INVESTMENT NETWORK, INC. and utilized them to execute the scheme and artifice to defraud described herein.

4. First Capital Trust Deeds ("FCTD") is a mortgage brokerage company located in Orinda, California, and it specializes in private money residential and commercial lending.

5. Progress Residential ("PROGRESS") is a privately owned company based on Scottsdale, Arizona, and it owns and manages over 80,000 single family rental homes in the United States.

6. Individual A was the Chief Financial Officer of PROGRESS. Accordingly, Individual A was authorized to conduct financial transactions for PROGRESS, to include the sale of PROGRESS assets.

1

# SCHEME AND ARTIFICE TO DEFRAUD

### A. 3025-3146 Baroda Lane, Charlotte, North Carolina

7. In or around March 2021, HENRY knowingly and with intent to defraud devised a scheme and artifice to defraud, and he did and attempted to obtain money and property from other persons by means of materially false and fraudulent pretenses, representations, and promises by fraudulently and unlawfully claiming ownership interests in properties that he did not own and then engaging in fraudulent financial transactions. HENRY attempted to obtain a $3,000,000 refinance loan for the Nevins Place apartment complex located at 3025-3146 Baroda Lane, Charlotte, North Carolina. Even though he did not own or have any interest in this property, HENRY created fraudulent paperwork and impersonated several people to apply for loans from various lenders.

8. On or about April 12, 2021, HENRY applied to FCTD for a $3,000,000 (three million dollars) loan to refinance Nevin Place Apartments, 3025-3146 Baroda Lane, Charlotte, North Carolina ("Nevin Place"), a property he did not own. During the loan application process with FCTD, HENRY used wire transmissions to execute his scheme and artifice to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises. HENRY falsely and fraudulently represented to persons working at FCTD and other companies that, among other things, he was a manager of Nevin Place; he was an attorney named Steven Adams who worked at the Hankin Pack law firm in Charlotte, North Carolina; and he was a title attorney named Amber Lisa Levy.

9. On or about May 4, 2021, while pretending to be an attorney named Steve Adams, HENRY sent or caused the sending of an email to several persons involved with the $3,000,000 Nevin Place refinance loan.

10. On or about May 6, 2021, HENRY received loan and closing documents from FCTD, traveled to an office to close on the $3,000,000 Nevin Place refinance loan, and initialized and signed all the relevant documents. However, the discovery of HENRY's scheme and artifice to defraud FCTD prevented the closing of this loan.

### B. 8728 Balsam Bay Road

11. Between May 19, 2022, and continuing to the present, HENRY, ROSE (collectively the "Defendants" or "co-conspirators"), and others known and unknown to the Grand Jury ("other persons"), knowingly and with the intent to defraud, devised and intended to devise a scheme and artifice to defraud, and to obtain money and property from other persons by means of materially false and fraudulent pretenses, representations, and promises by fraudulently and unlawfully stealing and selling residential properties owned by PROGRESS.

12. The Defendants and other persons executed the scheme to defraud PROGRESS and other persons by creating and recording fraudulent deeds that transferred PROGRESS-owned properties to REIN SPE, LLC. They then advertised these properties, negotiated contracts with buyers, and sold these properties, retaining the proceeds of the sale for their personal use and benefit.

13. During and in furtherance of the conspiracy, the Defendants and other persons forged the signature of Individual A on the fraudulent and unlawful deeds that they created and recorded with the Mecklenburg Register of Deeds to transfer properties from PROGRESS to REIN SPE, LLC.

14. During and in furtherance of the conspiracy, the Defendants and other persons utilized the services of law firms, mortgage brokers, and other persons involved in the real estate business, to execute the scheme, thereby causing a series of interstate wire transmissions, including but not limited to telephone calls, emails, text messages, online inquiries, electronic signatures, and wire transfers of funds.

15. On or about May 19, 2022, ROSE and HENRY recorded and caused the recording with the Mecklenburg County Register of Deeds a fraudulently created Warranty Deed purporting to transfer 8728 Balsam Bay Road, Charlotte, North Carolina ("8728 Balsam Bay Road"), from PROGRESS to REIN SPE, LLC. The consideration for this real estate transaction was $0.00 dollars. The May 19, 2022 fraudulent deed contained the forged signature of Individual A. In truth and fact, PROGRESS never authorized this transfer and the Warranty Deed was completely bogus.

16. On or about August 23, 2022, after ROSE had negotiated the sale of 8728 Balsam Bay Road to Opendoor, an online residential real estate company based in San Francisco, California ("Opendoor"), a deed conveying this property from REIN SPE, LLC to Opendoor was recorded in Mecklenburg County.

17. As a result of the fraudulent transaction, Defendants caused a Charlotte law firm to wire transfer the sales proceeds of approximately $315,333.86 to REIN SPE, LLC pursuant to the terms of the fraudulent purchase agreement.

### C. 4630 Palladium Drive

18. On or about May 31, 2022, HENRY and ROSE recorded and caused the recording with the Mecklenburg County Register of Deeds a fraudulently created Warranty Deed purporting to transfer 4630 Palladium Drive, Charlotte, North Carolina ("4630 Palladium Place"), from PROGRESS to REIN SPE, LLC. The consideration for this real estate transaction was $0.00 dollars. The May 31, 2022 fraudulent deed contained the forged signature of Individual A. In truth and fact, PROGRESS never authorized this transfer and the Warranty Deed was completely bogus

19. On or about August 23, 2022, after ROSE had negotiated the sale of 4630 Palladium Place to Opendoor, a deed conveying 4630 Palladium Place from REIN SPE, LLC to Opendoor was recorded in Mecklenburg County.

20. As a result of the fraudulent transaction, Defendants caused a Charlotte law firm to wire transfer the sales proceeds of approximately $324,808.92 to REIN SPE, LLC pursuant to the terms of the fraudulent purchase agreement.

## COUNT ONE
## (WIRE FRAUD CONSPIRACY -- 18 U.S.C. § 1349)

21. The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 20 of the Bill of Indictment, and further alleges that:

22. Beginning May 19, 2022, and continuing to the present, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendants,

**(1) PATRICK LAWRENCE HENRY, and
(2) ROBERT DARNELL ROSE**

did knowingly combine, conspire, confederate, and agree with one another, as well as other persons, to commit an offense against the United States, as follows:

### OBJECT OF THE CONSPIRACY

23. Wire Fraud: It was a part and an object of the conspiracy that the named Defendants and other persons, known and unknown to the Grand Jury, knowingly and with the intent to defraud, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, to wit, a scheme and artifice to defraud PROGRESS and others as set forth in paragraphs 11 through 20 of the Introductory Paragraphs, would and did cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purposes of executing said scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### MANNER AND MEANS

24. The conspirators conducted the conspiracy in the manner and means, among others, described in paragraphs 11 through 20 of the Introductory Paragraphs.

All in violation of 18 U.S.C. § 1349.

## .COUNT TWO
## (WIRE FRAUD– 18 U.S.C. §§ 1343 and 2(a))

25. The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 20 of the Bill of Indictment, and further alleges that:

26. On or about May 4, 2021, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

**(1) PATRICK LAWRENCE HENRY**

and other persons, known and unknown to the Grand Jury, aiding and abetting each other, knowingly and with the intent to defraud, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money or property by means of false or fraudulent pretenses,

representations, or promises, and by concealment of material facts, and attempting to do so, knowingly did and attempted to transmit or cause to be transmitted in interstate commerce, certain signs, signals and sounds, that is, an email from attorney Steven Adams (one of HENRY's aliases) to FCTD and others involved with the fraudulent $3,000,000 Nevin Place refinance loan, and aided, abetted, counseled, commanded, induced and procured the commission of this offense.

In violation of 18 U.S.C. §§ 1343 and 2(a).

## COUNT THREE

### (WIRE FRAUD– 18 U.S.C. §§ 1343 and 2(a))

27. The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 20 of the Bill of Indictment, and further alleges that:

28. On or about August 23, 2022, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendants,

**(1) PATRICK LAWRENCE HENRY, and**
**(2) ROBERT DARNELL ROSE**

and other persons, known and unknown to the Grand Jury, aiding and abetting each other, knowingly and with the intent to defraud, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money or property by means of false or fraudulent pretenses, representations, or promises, and by concealment of material facts, and attempting to do so, did knowingly transmit or cause to be transmitted in interstate commerce, certain signs, signals and sounds, that is, a $315,333.86 wire transfer from BankUnited in Florida to a Wells Fargo account in North Carolina for the sale of 8728 Balsam Bay Road, and aided, abetted, counseled, commanded, induced and procured the commission of this offense.

In violation of 18 U.S.C. §§ 1343 and 2(a).

## COUNT FOUR

### (WIRE FRAUD – 18 U.S.C. §§ 1343 and 2(a))

29. The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 20 of the Bill of Indictment, and further alleges that:

30. On or about August 23, 2022, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendants,

**(1) PATRICK LAWRENCE HENRY, and**
**(2) ROBERT DARNELL ROSE**

and other persons, known and unknown to the Grand Jury, aiding and abetting each other, knowingly and with the intent to defraud, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money or property by means of false or fraudulent pretenses,

5

representations, or promises, and by concealment of material facts, and attempting to do so, did knowingly transmit or cause to be transmitted in interstate commerce, certain signs, signals and sounds, that is, a $324,408.92 wire transfer from Bank United in Florida to a Wells Fargo account in North Carolina for the sale of 4630 Palladium Place, and aided, abetted, counseled, commanded, induced and procured the commission of this offense.

In violation of 18 U.S.C. §§ 1343 and 2(a).

## COUNT FIVE

### (AGGRAVATED IDENTITY THEFT – 18 U.S.C. §§ 1028A(a)(1) and (2)

31. The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 20 of the Bill of Indictment, and further alleges that:

32. On or about May 19, 2022, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendants,

**(1) PATRICK LAWRENCE HENRY, and**
**(2) ROBERT DARNELL ROSE**

and other persons known and unknown to the Grand Jury, did knowingly and without lawful authority did and attempted to transfer, possess and use a means of identification of another person, to wit, Individual A's name and signature , during and in relation to one or more federal felony violations, to wit, wire fraud (18 U.S.C. § 1343) as charged in this Indictment, and aided, abetted, counseled, commanded, induced and procured the commission of this offense.

All in violation of 18 U.S.C. §§ 1028A(a)(1) and 2(a).

## COUNT SIX

### (AGGRAVATED IDENTITY THEFT – 18 U.S.C. §§ 1028A(a)(1) and (2)

33. The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 20 of the Bill of Indictment, and further alleges that:

34. On or about May 31, 2022, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendants,

**(1) PATRICK LAWRENCE HENRY, and**
**(2) ROBERT DARNELL ROSE**

and other persons known and unknown to the Grand Jury, did knowingly and without lawful authority did and attempted to transfer, possess and use a means of identification of another person, to wit, Individual A's name and signature, during and in relation to one or more federal felony violations, to wit, wire fraud (18 U.S.C. § 1343) as charged in this Indictment, and aided, abetted, counseled, commanded, induced and procured the commission of this offense.

All in violation of 18 U.S.C. §§ 1028A(a)(1) and 2(a).

## NOTICE OF FORFEITURE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

    a.    All property that constitutes or is derived from proceeds of the violations set forth in this Bill of Indictment; and

    b.    If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a).

A TRUE BILL:

FOREPERSON

DENA J. KING
UNITED STATES ATTORNEY

KENNETH M. SMITH
ASSISTANT UNITED STATES ATTORNEY